UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CLIFFORD W. RUSSELL** | **CIVIL ACTION NO. 25-1363-P** |
| **VERSUS** | **JUDGE HICKS** |
| **BOSSIER CITY JAIL** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Clifford W. Russell ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on September 12, 2025. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana, but claims his civil rights were violated by prison officials while incarcerated at the Bossier City Jail. He names the Bossier City Jail as defendant.

Plaintiff claims that under federal and state law, the Bossier City Jail is required to provide a safe environment. He claims the Bossier City Jail should have its own doctors and nurses. He argues that having E.M.S. next door to the jail should not be considered because they are not licensed doctors or nurses. He further claims the E.M.S. were not called to see anyone.

Plaintiff claims that while he was incarcerated at the Bossier City Jail on July 2, 2025, his health and life were placed in danger. He claims inmate Anthony Holden told the jail staff that he had AIDS and that he had also told the judge's staff about his medical situation.

Plaintiff claims he was confined around inmate Holden, who had open sores and cuts which released puss from his body. He claims this created an unsafe environment and everyone should have been seen by medical personal. He claims Sgt. Perrie told Anthony Holden to fill out a kite.

Plaintiff claim that when he asked Sgt. Perrie about seeing a doctor, he told him that he needed to get his "black ass" back to his cell before he got his "ass beat and no one would ever know." Plaintiff claims he returned to his cell because he did not want his life to end.

Plaintiff claims that on July 3, 2025, the jail staff removed inmate Holden and placed him in a holding tank by himself. He complains that inmate Holden used the same shower. He also complains that inmate Holden used the same ice cooler the other inmates used to get ice with their cups.

Plaintiff claims that being confined around inmate Holden for more than 30 days made him afraid about his health. He claims that not being checked by medical personnel has made him wonder if he will cause other people to be in the same situation he experienced.

Plaintiff admits that the jail had a trustee bleach the cell block. He argues that this still did not create a safe health environment. He further argues that the jail should have the right medical personal on staff for these situations.

Accordingly, Plaintiff wants the city jail to be held accountable for its actions, to follow all federal and state guidelines for housing inmates and medical treatment, and possible monetary compensation.

## LAW AND ANALYSIS

**Bossier City Jail**

Plaintiff names the Bossier City Jail as the only defendant in his complaint and amended complaint. The jail itself is a building and not a legal entity capable of being sued under 42 U.S.C. § 1983. Cozzo v. Tangipahoa Parish Council– President Government, 279 F.3d 273, 283 (5th Cir. 2002); Bland v. Terrebonne Par. Criminal Justice Complex, CIV.A. 09-4407, 2009 WL 3486449, (E.D. La. Oct. 23, 2009).

Accordingly, Plaintiff's civil right complaint should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**Sgt. Perrie**

Plaintiff does not specifically name Sgt. Perrie as a defendant in his complaint or amended complaint. However, he does complain that Sgt. Perrie verbally threatened him when he asked about seeing a doctor. Even if Plaintiff were to name Sgt. Perrie as a defendant in this complaint, he fails to allege an actionable claim against him.

The Eighth Amendment proscribes prison officials' wanton infliction of unnecessary pain upon a prisoner. It has been held that verbal abuse and harassment do not constitute cruel and unusual punishment as contemplated by the Eighth Amendment and allegations of such, without more, are insufficient grounds for relief under 42 U.S.C. § 1983.  Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979); Ellingburg v. Lucas, 518 F.2d 1196 (8th Cir. 1975).  The Fifth Circuit Court of Appeals has held that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." Siglar v. Hightower, 112 F.3rd 191, 193 (5th Cir.1997); Lynch v Cannatella, 810 F.2d 1363, 1376 (5th Cir. 1987) citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. den., 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983).  Even if Plaintiff was subjected to verbal abuse and threats as alleged, this claim does not amount to harm sufficient to constitute a constitutional violation.

Accordingly, if Plaintiff named Sgt. Perrie as a defendant, his claims against him should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and

may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of January 2025.

Mark L. Hornsby
U.S. Magistrate Judge